FILED
NOV 1 5 2007
NOV 15 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF CARPENTERS )
PENSION FUND, CHICAGO REGIONAL COUNCIL )
OF CARPENTERS WELFARE FUND, CHICAGO )
REGIONAL COUNCIL OF CARPENTERS )
APPRENTICE & TRAINEE PROGRAM FUND, )
and Their Trustees, )

                    Plaintiffs,

v.

COMMERCIAL DRYWALL CORP. a dissolved Illinois )
Corporation, RICHARD J. OTTENS d/b/a )
COMMERCIAL DRYWALL CORP. a sole )
proprietorship, )
)
                    Defendant. )

**07CV6489**
**JUDGE NORGLE**
**MAG. JUDGE VALDEZ**

## *Complaint*

Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al., by their attorney, Raymond J. Sanguinetti, complain of the Defendants, COMMERCIAL DRYWALL CORP. ("Commercial") and RICHARD J. OTTENS ("Ottens"), as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act ("ERISA") and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising there under.

2. The CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("Trust Funds") receive contributions from numerous employers pursuant

to Collective Bargaining Agreements between the employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS, successor of the CHICAGO & NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3. Defendant, Commercial, is a dissolved Illinois Corporation and is in an industry affecting commerce which entered into Agreements which require Defendant to pay fringe benefits to the Trust Funds as therein required. Defendant, Ottens, is the owner of Commercial and has been operating as Commercial at all times relevant to these proceedings.

4. Delinquent employers are required to pay, in addition to the amounts determined to be due, reasonable attorney fees, court costs, audit fees and other reasonable costs incurred in the collection process.

5. The Defendants must submit monthly reports listing the hours worked by its carpenter employees ("monthly contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by their carpenter employees.

6. The Defendants breached the provisions of the Collective Bargaining Agreement and Trust Agreements by failing to submit reports for the months of June 2007 through September 2007.

7. The Defendants also breached the Collective Bargaining Agreement and Trust Agreements by failing to pay prior report discrepancies and liquidated damages in the amount of $1,751.48 for the period of October 2006 through May 2007.

8. Plaintiffs have complied with all conditions precedent in bringing this suit.

9. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

10. Defendant are obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

11. Pursuant to 29 U.S.C. §1132(g)(2)(B), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from Defendant.

12. Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

    a. double interest on the unpaid contributions; or

    b. interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of amount that is due.

WHEREFORE, Plaintiffs pray:

A. That the Defendants be ordered submit reports for the period of June 2007 through September 2007 and to pay $1,751.48 in past discrepancies and liquidated damages for the period of October 2006 through May 2007.

B. That the Defendants be ordered to pay interest on the amount that is due pursuant to the Collective Bargaining Agreement, the Trust Agreements, and 29 U.S.C. §1132 (g)(2)(B).

C. That the Defendants be ordered to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(C).

D. That the Defendants be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs.

E. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's costs.

CHICAGO REGIONAL COUNCIL OF CARPENTERS
PENSION FUND et al.

By: _____
RAYMOND J. SANGUINETTI

Whitfield McGann & Ketterman
Attorneys for Plaintiffs
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Phone: 312/251-9700
ARDC #6244798

# MEMORANDUM OF AGREEMENT

Firm   Commercial Drywall Corporation   Address   35 N. Northwest Highway

City   Palatine   State   IL   Zip   60067   Phone   847/359-8920

THIS AGREEMENT is entered into between the CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, COOK, DUPAGE, GRUNDY, IROQUOIS, KANE, KANKAKEE, KENDALL, LAKE, MCHENRY and WILL COUNTIES, ILLINOIS, hereinafter referred to as the "UNION" and

## COMMERCIAL DRYWALL CORPORATION

its successors and assigns, hereinafter referred to as the "EMPLOYER".

This Agreement is made in consideration of the instant promises of the UNION and the EMPLOYER and the parties do hereby agree as follows:

1. The EMPLOYER recognizes the UNION as the sole and exclusive bargaining agent for and on behalf of the Employees of the EMPLOYER within the territorial and occupational jurisdiction of the UNION. Prior to recognition, the EMPLOYER has reviewed valid evidence and agrees that the UNION is the exclusive designated Bargaining Representative of a majority of the appropriate bargaining unit employees of the EMPLOYER.

2. The EMPLOYER and the UNION, hereby incorporate by reference and agree to be bound by the Area Agreements in effect on the date this document is executed through their respective expiration dates. Those Agreements include, but are not limited to, the following:

the Area Agreement negotiated between the UNION and the Mid-America Regional Bargaining Association (M.A.R.B.A.), the Addendum negotiated between the UNION and the Residential Construction Employers Council (R.C.E.C.) covering Cook, Lake and DuPage Counties, the Agreement negotiated between the Union and the Contractors Association of Will and Grundy Counties covering Grundy County, the Agreement negotiated between the Union and the Contractors Association of Will and Grundy Counties covering Will County, the Agreement negotiated between the Union and the Residential Construction Employers Council (R.C.E.C.) covering Will County, the contract negotiated between the UNION and the Kankakee and Iroquois County Contractors Association, the Agreement negotiated between the UNION and the Fox Valley Contractors Association, and the Residential Construction Employers Council (R.C.E.C.) covering Kane, Kendall and McHenry County, as well as any contracts negotiated between the UNION and other associations involved in various subtrades within the Union's occupational jurisdiction.

3. The EMPLOYER agrees to be bound by the terms of the Trust Agreements of the Fringe Benefit Trust Funds to which contributions are required to be made under the Agreements referred to in numbered paragraph 2 hereof and all rules and regulations adopted by the Trustees thereof. The EMPLOYER further agrees to make prompt payments of the per hour contributions with respect to each Trust Fund for all Employees performing bargaining unit work and/or covered by the Agreement including nonbonded and nonsignatory subcontractors as required by the applicable provisions of each agreement.

4. This Agreement and the adoption of the Area Agreement and Declarations of Trust referred to in paragraphs two and three above, shall be effective upon the date that this document is executed and remain in full force and effect to and including the expiration date of the respective Area Agreements adopted herein. Unless the EMPLOYER gives written notice to the UNION of its desire to terminate or modify the Agreement at least three (3) calendar months prior to the expiration of such Agreements, the Agreement shall continue in full force and effect through the full term and duration of all subsequent agreements(s).

5. EMPLOYER HEREBY ACKNOWLEDGES RECEIPT OF THE AREA AGREEMENT AS WELL AS COPIES OF THE AGREEMENTS INCORPORATED BY REFERENCE THEREOF FOR ALL TEN (10) COUNTIES.

IN WITNESS WHEREOF the parties have executed this Memorandum of Agreement the 15th day of December 20 00

EMPLOYER: Commercial Drywall Corporation

CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS

By: Richard J Ottens, President
(Print or Type Name)  (Title)

(Signature)

(District Council Officer)

2

C:/Memorandum of Agreement.doc